**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFFREY DAVID WALKER, | No. 24-3598 |
| Plaintiff - Appellant, | D.C. No.<br>8:23-cv-00990-AS |
| v. | |
| FRANK BISIGNANO, Commissioner of<br>Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Alka Sagar, Magistrate Judge, Presiding

Submitted September 29, 2025**

Before: O'SCANNLAIN, BERZON, and N.R. SMITH, Circuit Judges.

Jeffrey Walker appeals pro se from the district court's judgment affirming

the Commissioner of Social Security's decision denying his application for

disability insurance benefits and supplemental security income under Titles II and

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument and grants appellant's motion to waive oral argument and
submit on the briefs (Doc. No. 17).  *See* Fed. R. App. P. 34(a)(2).

XVI of the Social Security Act. Walker argues on appeal that substantial evidence did not support the ALJ's findings (1) that Walker did not meet listing 12.04, (2) that Walker was capable of "medium" work, (3) that Walker had a high school or above education, and (4) that Walker is capable of adjusting to other work. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We affirm.

"We review the district court's order affirming the ALJ's denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (citation and quotations omitted). "Substantial evidence is more than a mere scintilla, and means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Stiffler v. O'Malley*, 102 F.4th 1102, 1106 (9th Cir. 2024) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

1. Substantial evidence supports the ALJ's conclusion at step three of his analysis that Walker's depressive disorder did not meet or equal listing 12.04. The ALJ concluded that Walker has a mild, rather than extreme, limitation in his ability to adapt or manage himself. *See* 20 C.F.R. Pt. 404, Subpt. P, App'x 1, §§ 12.00(A)(2), 12.04. The ALJ relied upon witness testimony and statements to

24-3598

determine that, despite being homeless for several years, Walker "has been able to manage his daily activities with no assistance," and "[h]e is able to dress and bathe himself, grocery shop, go to soup kitchen[s] or pantries for food, take public transportation, do laundry, attend his doctor appointments, and spend at least 6 hours a day collecting recyclables and recycle for money." Given the specificity of these findings, there was no error in the ALJ's use of Walker's "mental functioning in daily activities" to assess how he would "function at work." *Id.* at § 12.00F.3.b.

2. Substantial evidence supports the ALJ's conclusion at step five that Walker has the residual functional capacity to perform medium work with certain exceptions. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). The ALJ relied on the assessment of Dr. Sial, who found that Walker could generate 100 pounds of grip strength with the right hand and 85 pounds in the left hand, had normal range of motion and gait, and had no tenderness or muscle spasms in his back. Although Dr. Sial did not specifically conclude that Walker can lift 50 pounds occasionally and 25 pounds frequently, Dr. Sial's assessment constitutes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Contrary to Walker's suggestion, 20 C.F.R § 416.968(d)(4), providing that individuals 55 and over will in some circumstances be found unable to transfer to other work, does not apply here. This provision applies where the claimant has an impairment that "limits [him] to sedentary or light work." The ALJ found Walker capable of performing medium work., so § 416.968(d)(4) is inapplicable.

3. Substantial evidence supports the ALJ's finding that Walker has at least a high school education. Walker has completed high school, college, and law school. At the time of his hearing, he was admittedly a member of the California State Bar. His formal education far exceeds the regulatory range for a finding of limited education, which spans from "7th grade through the 11th grade[.]" 20 C.F.R. § 404.964(b)(3). Although "the numerical grade level . . . completed in school may not represent [a claimant's] actual educational abilities," Walker did not provide evidence that indicates that his abilities are equal to or less than those of someone with an eleventh-grade education. § 416.964(b). As the district court observed, the fact that Walker has represented himself in federal court and made "clear legal arguments regarding his asserted entitlement to relief," undermines his argument of limited educational proficiency.

4. "At step five, the ALJ can call upon a vocational expert to testify as to: (1) what jobs the claimant, given his or her residual functional capacity, would be able to do; and (2) the availability of such jobs in the national economy. At the hearing,

the ALJ poses hypothetical questions to the vocational expert that set out all of the claimant's impairments for the vocational expert's consideration." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (quotations and citation omitted).

Substantial evidence supports the ALJ's conclusion at step five that Walker can adjust to work as a poultry worker, packer, or golf range attendant. In reaching this finding, the ALJ relied on the testimony of a vocational expert given a hypothetical question about someone who was Walker's age and had his environmental limitations, was limited to simple and repetitive tasks, and had limitations consistent with Walker's residual functional capacity. These limitations were supported by substantial evidence. We find no conflict between the jobs the vocation expert identified and Walker's residual functional capacity. The poultry worker, packer, and golf range attendant jobs do not require concentrated exposure to hazardous atmospheric conditions. *See* Dictionary of Occupational Titles 411.687-018 (poultry worker); 920.687-134 (packer); 341.683-010 (golf range attendant).

The ALJ did not err in limiting the vocational expert to an assessment of jobs with simple, repetitive tasks. Walker argues that this limitation did not adequately accommodate the ALJ's finding that he had a moderate limitation in concentration, persistence, or pace. But we have previously held that a residual functional capacity limiting a claimant to simple, repetitive work is consistent with findings that the

claimant has such moderate limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–74 (9th Cir. 2008).

**AFFIRMED.**